UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EPL HOLDINGS, LLC,<br>          Plaintiff,<br>    v.<br>APPLE, INC,<br>          Defendant. | Case No. 12-cv-04306-JST<br><br>**ORDER GRANTING UNOPPOSED MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**<br><br>Re: Dkt. No. 50 |

In this action for patent infringement, Plaintiff EPL Holdings moves under Federal Rule of Civil Procedure 15(a) for leave to file a first amended complaint, which EPL has attached to its motion as Exhibit A. As of the date of this Order, Defendant Apple has not opposed EPL's motion; the deadline for filing an opposition was March 22, 2013.

The proposed first amended complaint asserts new claims of infringement against Apple based on two patents that the USPTO recently issued to EPL: U.S. Patent No. 8,384,720 ("the '720 patent") and U.S. Patent No. 8,345,050 ("the '050 patent"). The '720 and '050 patents are related to one of the patents that EPL asserted in the original complaint, namely U.S. Patent No. 7,683,903 ("the '903 patent").

In support of its motion, EPL argues that the proposed amendment is timely because EPL filed the motion before the deadline for moving for leave to amend the complaint, which the Court set for March 8, 2013, in accordance with the parties' stipulated case schedule. *See* Dkt. No. 48, Stipulation to Modify Case Schedule; Dkt. No. 50, Order Granting Stipulated Request to Modify Case Schedule. EPL also contends that the proposed amendment will not prejudice Apple because the stipulated case schedule approved by the Court gives Apple additional time to comply with Patent Local Rule 3-4. *See id.*

Federal Rule of Civil Procedure 15(a) permits a party to amend a pleading once "as a matter of course" within 21 days of serving it or within 21 days after a response to it has been filed. Fed. R. Civ. P. 15(a)(1). Otherwise, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). A district court "should freely give leave" to amend a pleading "when justice so requires." *Id.* "Four factors are commonly used to determine the propriety of a motion for leave to amend. These are: bad faith, undue delay, prejudice to the opposing party, and futility of amendment." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (citation omitted). "The party opposing amendment bears the burden of showing prejudice." *Id.* at 187.

Here, permitting EPL to amend the complaint would be appropriate because there is no evidence of bad faith, undue delay, prejudice to Apple, or futility of amendment. Moreover, Apple does not oppose the filing of the proposed first amended complaint. Accordingly, EPL's motion is GRANTED. Within seven days of the date this Order is filed, EPL may file Exhibit A as the first amended complaint.

**IT IS SO ORDERED**.

Dated: March 31, 2013

_____
JON S. TIGAR
United States District Judge