# EXHIBIT A

United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| BENJAMIN GROBLER, | ) | Case No.: C 12-01534 JST (PSG) |
| | ) | |
| Plaintiff, | ) | **ORDER RE MOTION TO ENTER** |
| v. | ) | **PROTECTIVE ORDER AND** |
| | ) | **RESOLVE REMAINING DISPUTE** |
| | ) | |
| APPLE INC., | ) | **(Re: Docket No. 42)** |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

Whatever its merits in a given case, it seems the modern patent suit invariably spawns further administrative proceedings before the Patent and Trademark Office. Whether in a "reexamination" proceeding in the days before the enactment of the America Invents Act, or "review" proceedings in the days since, the PTO is now commonly called upon to reconsider the validity of patents even as their merits lie at the heart of active litigation pending in the federal district courts. Well-known is the substantial case law considering motions to stay the district court litigation under these circumstances. Less well-known, perhaps, is the surprising amount of case law regarding a related question: what restrictions, if any, ought to be imposed on counsel with access to an adversary's proprietary information seeking to advise a patentee both in court and before the PTO?

1

As the undersigned himself turns to this subject for the third time in just over a year,[1] a few preliminary observations from this recent experience are offered. First, it is true that Fed. R. Civ. P. 26(c)(1) places the burden of seeking any protective order on the party from whom discovery is sought, a tenet the Ninth Circuit underscored when it held that "a party… from whom discovery is sought bears the burden, for each particular document it seeks to protect, of showing that specific prejudice or harm will result if no protective order is granted."[2] Nevertheless, this district is authorized under Fed. R. Civ. P. 83 to establish a presumption of a so-called "prosecution bar" that extends to reexamination or review proceedings, an authority exercised by the combination of Section 6 of the district's Model Protective Order and Pat. L.R. 2-2.[3] Under such circumstances, the burden is appropriately shifted to the patentee to establish that an exemption from the bar is appropriate.[4] Second, especially in light of the Federal Circuit's teaching that a given prosecution bar must be evaluated on a case-by-case basis,[5] any prosecution bar should serve only to mitigate the risk of inadvertent use of proprietary information by a patentee, not to unduly burden a patentee with additional expense. Third, while other courts have rejected any expansion of the prosecution bar to reexamination or review proceedings because neither permits the broadening of patent

---

[1] *See Dynetix Design Solutions, Inc. v. Synopsys, Inc.*, Case No. 11-05973 PSG, 2012 WL 1232105 (N.D. Cal. Apr. 12, 2012) and *Pragmatus AV, LLC v. Facebook, Inc.*, Case No. 11-2168 EJD (PSG) (N.D. Cal. July 5, 2012).

[2] *See Foltz v. State Farm Mut. Auto Ins. Co.,* 331 F.3d 1122, 1130 (9th Cir. 2003).

[3] *See* http://www.cand.uscourts.gov/stipprotectorder.

[4] *Cf. Kelora Sys., LLC v. Target Corp.*, Case No. 11-01548 CW (LB), 2011 WL 6000759, at *7 (N.D. Cal. Aug. 29, 2011) (holding "the model protective order as setting forth presumptively reasonable conditions regarding the treatment of highly confidential information").

[5] *See In re Deutsch Bank Trust Co. Americas,* 605 F.3d 1373, 1381 (Fed. Cir. 2010) ("the party seeking an exemption from a patent prosecution bar must show on a counsel-by-counsel basis: (1) that counsel's representation of the client in matters before the PTO does not and is not likely to implicate competitive decisionmaking related to the subject matter of the litigation so as to give rise to a risk of inadvertent use of confidential information learned in litigation, and (2) that the potential injury to the moving party from restrictions imposed on its choice of litigation and prosecution counsel outweighs the potential injury to the opposing party caused by such inadvertent use.").

2

claims,[6] the fact remains that claims may still be restructured in these proceedings in a way that would undoubtedly benefit from access to an alleged infringer's proprietary information.

With each of these considerations in mind, the court is persuaded here that a limited rather than complete bar on litigation counsel's reexamination and review activities of the type proposed by Grobler strikes the right balance in this case. Apple rightly points out that Grobler's litigation counsel has identified no past history of representing him before the PTO and that even under Grobler's proposal separate administrative counsel will need to be retained. But Apple does not show that, in defending the validity of the disputed patents, Grobler's litigation counsel would be engaged in the type of "competitive decisionmaking" that would unduly risk inappropriate use of Apple's proprietary information.[7] Things might be different if counsel had free rein in the PTO proceedings. But under Grobler's proposal, litigation counsel is prohibited from assisting in any crafting or amendment of patent claims. This puts Grobler squarely in the camp of cases in this district permitting a limited role for litigation counsel in PTO reexam and review proceedings,[8] and outside of those prohibiting any such role.[9] While one might rightly question how Apple is to police whether Grobler's litigation counsel has crossed the line from mere participation to crafting

---

[6] *See, e.g., Pall Corp. v. Entegris, Inc.*, 655 F. Supp. 2d 169, 173 (E.D. N.Y. 2008) (noting that "unlike prosecution of an initial patent application, the Patent Act expressly curtails the scope of reexamination, prohibiting any claim amendment that would enlarge the scope of the initial patent"). *See also Mirror Worlds, LLC v. Apple, Inc.*, Case No. 08-88, 2009 WL 2461808, at *2 (E.D. Tex. Aug. 11, 2009) (noting that "[c]laims can only be narrowed during reexamination; they cannot be broadened" and therefore concluding that "the risk of harm to Apple is already greatly limited"); *Document Generation Corp. v. Allscripts*, Case No. 08-479, 2009 WL 1766096, at *2 (E.D. Tex. June 23, 2009) (stating that "[b]ecause the reexamination process prohibits claim amendments that would enlarge the scope of the initial patent, Defendants' fears of expanded claim scope are largely misplaced").

[7] *Cf. MicroUnity Sys. Eng., Inc. v. Dell, Inc.*, Case No. 04-CV120 TJW, 2005 WL 2299455, at * 2-3 (E.D. Tex. Aug. 1, 2005).

[8] *See, e.g. Shared Memory Graphics, LLC v. Apple, Inc.,* Case No. 10-2475 VRW (EMC), 2010 WL 4704420 (N.D. Cal. Nov. 12, 2010) and *Optimum Power Solutions LLC v. Apple, Inc.*, Case No. 11-01509 WHA (N.D. Cal. July 12, 2011) (protective order).

[9] *See, e.g. Pragmatus AV, LLC v. Facebook, Inc.*, Case No. 11-2168 EJD (PSG) (N.D. Cal. July 5, 2012).

3

Case No.: C 12-01534 JST (PSG)
ORDER

United States District Court
For the Northern District of California

or amendment of claims, the risk of counsel ignoring its duties is inherent even under Apple's proposed total ban, and in any event counsel is presumed to follow its obligations to adhere to this court's orders.[10]

Especially where, as here, reexamination or review proceedings are really nothing more than an extension of the litigation in the district court, there is even less of a reason to impose a total ban of the kind Apple seeks.[11]  It would be one thing if the two matters were truly independent of one another.  But if the PTO and district court are just two fronts in the same battle, allowing a limited role for a patentee's litigation counsel while prohibiting counsel from crafting or amending claims is only reasonable.

Grobler's proposed language for Section 6(b) is adopted.  Apple's proposed language for that same section is rejected.  Grobler shall file a complete proposed protective order consistent with this ruling without delay.

**IT IS SO ORDERED.**

Dated: May 7, 2013

PAUL S. GREWAL
United States Magistrate Judge

---

[10] *See Nazomi Comms., Inc. v. Arm Holdings, PLC,* Case No. 02-02521 JF, 2002 WL 32831822, at *3 (N.D. Cal. Oct. 11, 2002).

[11] *Cf. Crystal Image Tech., Inc. v. Mitsubishi Elec. Corp.,* Case No. 08-307, 2009 WL 1035017, at *3 (W.D. Pa. Apr. 17, 2009).

4

Case No.: C 12-01534 JST (PSG)
ORDER